IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| STEVE A. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 621-054 |
| | ) | |
| ROGERS DAIRY FARMS; GDC; GCI; DR. GEORGE ERVIN; and PERDUE III, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced this case by submitting a complaint to the Clerk of Court in the Middle District of Georgia. (Doc. no. 1.) United States District Judge Tilman E. Self, III transferred the case to the Southern District of Georgia because, although Plaintiff is incarcerated at Washington State Prison in the Middle District of Georgia, the events about which he complains occurred in this District. (Doc. no. 11.) Plaintiff is a well-known serial filer with this Court, known to engage in vexatious litigation. Indeed, on March 26, 2015, Chief United States District Judge J. Randal Hall imposed restrictions on Plaintiff's future filings because "[t]he Court will no[t] tolerate his frivolous filings, as they impair the Court's ability to adjudicate the legitimate claims of other litigants." Morris v. Kitt, CV 113-172, doc. no. 71 (S.D. Ga. Mar. 17, 2014).

To date, Plaintiff continues to engage in abusive litigation with the filing of his most recent complaint and fails to state viable claims against Defendants. A claim is frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x

916, 917 (11th Cir. 2013) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992)).  Stated otherwise, "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." <u>Id.</u>

 Here, Plaintiff's claims are clearly baseless, fanciful, delusional, frivolous, and fail to state a claim.  For example, Plaintiff alleges the cows from Rogers Dairy Farm are the primary source of milk for the Georgia prison system, and all of them are diseased.  This allegation, as with the rest of the complaint, is frivolous and should be dismissed.  Plaintiff's complaint is also largely incoherent making it somewhat unclear who Plaintiff intends to sue as Defendants.  In any event, the Georgia Department of Corrections has immunity against Plaintiff's § 1983 claims, and Rogers Dairy Farms is not a state actor merely because they sell milk to the prison.  <u>See</u> <u>Bailey v. Silberman</u>, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."); <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

 The case is also subject to dismissal because Plaintiff concedes he did not complete the administrative grievance procedure prior to filing the complaint, as is required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  (Doc. no. 1, p. 3); <u>see</u> 42 U.S.C. § 1997e(a) (providing "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are

exhausted"); see also Woodford v. Ngo, 548 U.S. 81, 90 (2006) (recognizing PLRA requires "proper exhaustion," which includes using all steps in administrative process and complying with administrative deadlines and other critical procedural rules). The exhaustion of administrative remedies is a "precondition" to filing an action in federal court, and the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*). Because Plaintiff did not properly exhaust his available administrative remedies, the complaint fails to state a claim upon which relief can be granted. See Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

Accordingly, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**. Because this case is due to be dismissed, the Court also **REPORTS** and **RECOMMENDS** the pending motions be **DENIED AS MOOT**. (Doc. nos. 6, 10, 15.)

SO ORDERED this 10th day of September, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA